UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE KING, | ) Case No. CV 12-6329 SVW (MRW) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) |
| Respondent. | ) |

The Court vacates the reference of this action to the Magistrate Judge and dismisses Petitioner's defective state habeas action as untimely and procedurally defaulted.

\* \* \*

This case involves a habeas challenge to a drug conviction that Petitioner sustained in 2000. (Docket # 1-1 at 3.) Petitioner exhausted his direct appeal to the conviction in state court in 2001. (Docket # 1 at 2-3.) The state supreme court denied a subsequent habeas petition in late 2001. (Docket # 1-1 at 18.)

In early 2012, Petitioner filed for additional habeas relief in state court. In those filings, Petitioner contended that the sentence in his 2000 conviction was improperly based on a felony "strike" he sustained in a 1992 criminal conviction, and that the 2000 sentence violated the terms of the plea agreement in the 1992 case. (Docket # 1-1 at 21-22.) The superior court and the court of appeal each denied relief on the petitions. (Docket # 1-1 at 32-34, 37.)

Petitioner then filed for habeas relief in the California Supreme Court. In June 2012, the supreme court denied the petition in a brief decision that cited In re Robbins, 18 Cal.4th 770 (1998), and In re Clark, 5 Cal.4th 750 (1993), as the basis for its denial. (Docket # 1-1 at 41.) A California court will "signal that a habeas petition is denied as untimely by citing the controlling decisions, i.e., Clark and Robbins." Walker v. Martin, ___ U.S. ___, 131 S. Ct. 1120, 1124 (2011). As a result, the supreme court did not address the merits of the claims.

Petitioner filed his federal habeas action in this Court in July 2012. Magistrate Judge Wilner screened the petition and issued a detailed order informing Petitioner that the action appeared to be untimely and procedurally barred on its face. (Docket # 3.) The Court directed Petitioner to submit a statement setting forth argument and evidence as to why the petition was not untimely and could properly be considered under AEDPA. (Docket # 3 at 3.)

Petitioner filed a responsive statement. Petitioner stated that his claim "was not discovered until recently" before he filed for habeas relief in 2012. (Docket # 6 at 4.) He offered no explanation or evidence as to the delay – from 2000 until 2012 – in pursuing his claim. Instead, he broadly claimed that he has "a guaranteed 14th Amendment Due Process right" to challenge the basis of his 2000 sentence "AT ANY TIME he is injured by a breach" of his 1992 plea agreement. (Docket # 6 at 4) (emphasis and capitalization in original).

* * *

2

Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when state court appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

In state habeas actions, district courts "have the authority – though not the obligation –" to consider the timeliness of petitions under AEDPA "on their own initiative." Wood v. Milyard. ___ U.S. ___, 132 S. Ct. 1826, 1834 (2012). Where the prisoner "is accorded a fair opportunity to present his position," a district court may determine "whether the interests of justice would be better served by addressing the merits [of an untimely habeas petition] or by dismissing the petition as time barred." Id. (quotations omitted).

A prisoner must ordinarily present his claims to the state's highest court for consideration. The state courts must be afforded the "first opportunity to address and correct alleged violations of [the] prisoner's federal rights." Walker, 131 S. Ct. at 1127. A federal court may not consider a state prisoner's habeas petition "if it runs afoul of the procedural bar doctrine." Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011). A petition is procedurally defaulted when: (1) a state court declines to address a petitioner's federal claims for failure to comply with a state procedural requirement; and (2) the state court decision rests on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

In Walker, the U.S. Supreme Court unanimously and expressly held that California's untimeliness bar for habeas petitions is an adequate and independent state procedural ground that bars relief in federal court. Walker, 131 S. Ct. at 1124. California law requires state prisoners to promptly pursue habeas claims in state court without "substantial delay" under Clark and Robbins. Therefore,

1  when the California court bases a denial of a habeas petition on Clark and Robbins,
2  a petitioner is defaulted under AEDPA from pursuing consideration of that petition
3  on federal habeas review.  Id.; see also Alvarez v. Wong, 425 Fed. Appx. 652,
4  2011 WL 1252307 (9th Cir. Apr. 5, 2011) (applying Walker to affirm dismissal of
5  untimely petition with defaulted claims); Williams v. Walker, 461 Fed. Appx. 550,
6  553, 2011 WL 6093403 (9th Cir. Dec. 8, 2011) (same).
7       As a limited exception to the procedural bar doctrine, a federal court may
8  still consider the claim if petitioner shows: (1) good cause for his failure to exhaust
9  the claim and prejudice from the alleged constitutional violation; or
10 (2) a fundamental miscarriage of justice.  Cooper, 641 F.3d at 327.  The
11 miscarriage of justice prong of this test is synonymous with a claim of actual
12 factual innocence to the offense of conviction.  Sawyer v. Whitley, 505 U.S. 333,
13 339-40 (1992).

* * *

15    Petitioner's federal habeas action is time-barred and procedurally defaulted.
16 After Petitioner's conviction was affirmed on direct appeal and his habeas petition
17 was denied, his criminal judgment became final in 2001.  Petitioner then waited
18 over a decade before seeking state habeas relief.  Despite being given the
19 opportunity to explain the basis for that delay, he provided no information or
20 evidence to excuse his late filing.  Directly put, Petitioner failed to explain why he
21 waited until 2012 to challenge his 2000 sentence based on an alleged defect in his
22 1992 case.  His federal action is untimely under AEDPA.[1]

---

[1]   Petitioner points to decisions by the Ninth Circuit Court of Appeals in
Buckley v. Terhune, 441 F.3d 688 (9th Cir. 2006), and Brown v. Poole 337 F.3d
1155 (9th Cir. 2003).  Petitioner notes that each of those habeas petitioners brought
their challenges many years after their criminal convictions and were not time-
(continued...)

4

1   Moreover, the state supreme court decided that the claims that Petitioner
2   asserted on habeas review were procedurally defaulted due to his delay in
3   presenting them. The supreme court expressly cited Clark and Robbins in denying
4   his habeas petition. As a result, the state's highest court affirmatively declined to
5   consider the merits of his claims based on independent state law reasons. Under
6   AEDPA and Walker, those claims cannot be considered on federal habeas review.
7   Finally, Petitioner fails to meet the Cooper exception to the procedural bar
8   rule. He makes a cursory reference to his sudden "discovery" in 2012 of an alleged
9   misinterpretation of his 1992 plea agreement during his 2000 sentencing. Yet,
10  even though the Magistrate Judge gave Petitioner the opportunity to do so,
11  Petitioner provided no substantive explanation as to how he "discovered" this issue
12  or why so many years passed before this occurred. That is simply insufficient to

---

[1](...continued)
barred under AEDPA.

However, both cases were initiated shortly after the enactment of AEDPA in 1996. For a state prisoner "whose conviction became final prior to AEDPA's enactment [on April 24, 1996], the statute of limitations started running the day after AEDPA's effective date and expired on April 24, 1997." Bryant v. Schriro, 499 F.3d 1056, 1058 (9th Cir. 2007). The Ninth Circuit found that the statute of limitations was tolled and unexpired in both Buckley and Brown based on the operation of the then-recent enactment of AEDPA. See Buckley, 441 F.3d at 693, 694 n.4 (petitioner filed series of state habeas petitions beginning in May 1996; "The one-year statute of limitations applicable to Buckley's federal habeas petition was tolled from the time that he filed his initial state habeas petition to thirty days after the California Supreme Court denied his last petition[.] Thus, his federal petition was timely, and the state does not contend otherwise."); Brown, 337 F.3d at 1158-59 (petitioner entitled to statutory tolling "during the period during which her petition remained in the Superior Court" before and after parole hearings in 1994 and 1997). Neither holding applies to Petitioner's post-AEDPA habeas proceeding.

establish good cause for his failure to present his habeas claims in a timely manner in state court.  Moreover, none of Petitioner's newly-asserted sentencing claims alleges that he is factually innocent of the offense such that a miscarriage of justice occurred here.  Petitioner has not demonstrated that he is entitled to any kind of equitable relief from the procedural default here.

Based on the face of the petition, the state court records attached to it, and Petitioner's filing in response to the Magistrate Judge's order, the federal petition is untimely and procedurally barred under AEDPA.  Therefore, this action is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: ____April 16, 2013

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE